1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANNA OF GEORGNER, | ) | 1:11cv0562 OWW DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| | ) | |
| BRIAN T. MOYHIHAN, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff "Anna of Georgner, Licensor by way of the Birthing Trust and Fide Commissary Trust" ("Plaintiff"), appearing pro se, filed the instant action on April 5, 2011.  Plaintiff's complaint is entitled "Replevin in Detinet" and names the following Defendants in the caption: (1) "Brian T. Moyhihan and/or successors, individually and in his official capacity(ies) as Pres/CEO of Bank of America," (2) Peter Michno, heirs, successors and assigns, individually and severally d/b/a S&P Associates, an *ens legis* to conceal fraud," (3) "James F. Taylor or successor(s), as Pres/CFO of "Reconstruct Co., an *ens legis* to conceal fraud;" (4) Kevin R. McCarthy Pres/CFO Quality Loan Ser. Corp. an *ens legis* to conceal fraud (QLS)," and (5) "David Hisey and/or successor CFO of Fannie Mae."

Plaintiff paid the filing fee and is therefore not proceeding in forma pauperis.

1

**DISCUSSION**

A.      Screening Standard

A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) where the claimant cannot possibly win relief.  Omar v.Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987); Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981).  A claim is legally frivolous when it lacks an arguable basis either in law or fact.  Neitzke v. Wiliams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Nietzke, 490 U.S. at 327.

B.      Plaintiff's Allegations

Plaintiff's complaint is mainly comprised of archaic legal terms and nonsensical statements.  Reading her complaint carefully, however, it appears that she is alleging an unlawful foreclosure.  From the portions of her complaint that are understandable, it seems that Plaintiff purchased two parcels of property in Fresno, California, on August 15, 2005.  She executed a Promissory Note secured by a Deed of Trust on the real property.

Plaintiff alleges that the property was recently "confiscated by fraudulent non-judicial foreclosure procedure 'employing Margaret Mimms, Fresno County Sheriff, and CPA Paul Dictos as Recorder..." Complaint, at 1.  Though Plaintiff contends that the property was confiscated, she later alleges that she is in "peaceful possession" of the property.  In conjunction with this foreclosure, she alleges that Defendants falsified public records.

Plaintiff states that there "is no factual evidence" that she defaulted on the loan and contends that "Defendants do not AND did not possess the Right to sell Plaintiff's real property as Defendants have not established their position as the 'source of the loan' or as the True CREDITOR under the Mobius Nemisis Doctrine..." Complaint, at 3.  She contends that Defendants cannot foreclose on the property without first presenting the Genuine Original Deed of Trust and Genuine Original Promissory Note.  She alleges that she is the true title holder.

1    Plaintiff now sues to recover these documents and correct allegedly false public filings.

2  She also requests that the Court stay the foreclosure and related proceedings until this action is

3  concluded.

4  C.    Failure to Satisfy Federal Rule of Civil Procedure 8

5    As a threshold issue, Plaintiff's complaint fails to satisfy Federal Rule of Civil Procedure

6  8, which requires a plaintiff to "plead a short and plain statement of the elements of his or her

7  claim, identifying the transaction or occurrence giving rise to the claim and the elements of the

8  prima facie case." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000).

9    Rule 8(d)(1) requires each allegation to be "simple, concise, and direct."  This

10  requirement "applies to good claims as well as bad, and is the basis for dismissal independent of

11  Rule 12(b)(6)." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).  "Something labeled a

12  complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity,

13  conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the

14  essential functions of a complaint." Id. at 1180. "Prolix, confusing complaints . . . impose unfair

15  burdens on litigants and judges." Id. at 1179.

16    Moreover, a pleading may not simply allege a wrong has been committed and demand

17  relief.  The underlying requirement is that a pleading give "fair notice" of the claim being

18  asserted and the "grounds upon which it rests." Yamaguchi v. United States Dep't of Air Force,

19  109 F.3d 1475, 1481 (9th Cir. 1997).  Despite the flexible pleading policy of the Federal Rules of

20  Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and

21  succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  A plaintiff

22  must allege with at least some degree of particularity overt facts which defendant engaged in to

23  support plaintiff's claim. Id. at 649.  A complaint does not suffice "if it tenders 'naked

24  assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

25  (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)).  The United States

26  Supreme Court has explained:

27    While, for most types of cases, the Federal Rules eliminated the cumbersome requirement
      that a claimant "set out in detail the facts upon which he bases his claim," Conley v.
28    Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2)

3

still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

Twombly, 550 U.S. at 556, n. 3.

A majority of Plaintiff's complaint is written in archaic legal terms and references irrelevant statutes and case law. It is therefore difficult to extract relevant facts and legal arguments. Other than the facts set forth above, Plaintiff provides no further factual information. Plaintiff states that the 2005 Promissory Note and Deed of Trust related to two properties, yet it is unclear whether the events she now complains of were related to one, or both, properties. Plaintiff also makes contradictory statements about who is in possession of the real property. She references a sale of the property, yet states that she is in possession of it. Plaintiff also fails to provide sufficient facts about the events leading up to the foreclosure, including the basis upon which the property was foreclosed.

The manner in which Plaintiff writes also makes it difficult to discern which Defendant(s)she attaches to each alleged legal wrong.

Plaintiff's complaint therefore lacks specific, clearly defined allegations and fails to give Defendants fair notice of the claims against them.

D.      Failure to Tender Indebtedness

Plaintiff's complaint also fails to allege that she tendered the amount of the debt owed.

"A tender is an offer of performance made with the intent to extinguish the obligation." Arnolds Mgmt. Corp. v. Eischen, 158 Cal.App.3d 575, 580 (1984) (citing Cal. Civ. Code, § 1485; Still v. Plaza Marina Commercial Corp., 21 Cal.App.3d 378, 385 (1971)). "A tender must be one of full performance . . . and must be unconditional to be valid." Id. "Nothing short of the full amount due the creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount." Rauer's Law etc. Co. v. S. Proctor Co., 40 Cal.App. 524, 525 (1919).

A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure."

1    Abdallah v. United Sav. Bank, 43 Cal.App.4th 1101, 1109 (1996).  "A party may not without

2    payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have

3    his title quieted against the purchaser at such a sale, even though the statute of limitations has run

4    against the indebtedness."  Sipe v. McKenna, 88 Cal.App.2d 1001, 1006 (1948).

5           In FPCI RE-HAB 01 v. E & G Investments, Ltd., 207 Cal.App.3d 1018, 1021 (1989), the

6    California Court of Appeal explained:

7           . . . generally "an action to set aside a trustee's sale for irregularities in sale notice
            or procedure should be accompanied by an offer to pay the full amount of the debt
8           for which the property was security." . . . . This rule . . . is based upon the
            equitable maxim that a court of equity will not order a useless act performed. . . .
9           "A valid and viable tender of payment of the indebtedness owing is essential to an
            action to cancel a voidable sale under a deed of trust." . . .  The rationale behind
10          the rule is that if plaintiffs could not have redeemed the property had the sale
            procedures been proper, any irregularities in the sale did not result in damages to
11          the plaintiffs.  (Citations omitted.)

12          An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not

13   state a cause of action which a court of equity recognizes.  Karlsen v. American Sav. & Loan

14   Assn., 15 Cal.App.3d 112, 117 (1971).  The basic rule is that an offer of performance is of no

15   effect if the person making it is not able to perform.  Id. at118.  Simply put, if the offeror "is

16   without the money necessary to make the offer good and knows it" the tender is without legal

17   force or effect.  Id. at 118.  "It would be futile to set aside a foreclosure sale on the technical

18   ground that notice was improper, if the party making the challenge did not first make full tender

19   and thereby establish his ability to purchase the property."  United States Cold Storage v. Great

20   Western Sav. & Loan Assn., 165 Cal.App.3d 1214, 1224 (1985).  "A cause of action 'implicitly

21   integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender."

22   Arnolds Mgmt., 158 Cal.App.3d at 579.

23          "It is settled in California that a mortgagor cannot quiet his title against the mortgagee

24   without paying the debt secured."  Shimpones v. Stickney, 219 Cal. 637, 649 (1934); see Mix v.

25   Sodd, 126 Cal.App.3d 386, 390 (1981) ("a mortgagor in possession may not maintain an action

26   to quiet title, even though the debt is unenforceable"); Aguilar v. Bocci, 39 Cal.App.3d 475, 477

27   (1974) (trustor is unable to quiet title "without discharging his debt").

28

1   Moreover, to obtain "rescission or cancellation, the rule is that the complainant is

2   required to do equity, as a condition to his obtaining relief, by restoring to the defendant

3   everything of value which the plaintiff has received in the transaction. . . . The rule applies

4   although the plaintiff was induced to enter into the contract by the fraudulent representations of

5   the defendant." Fleming v. Kagan, 189 Cal.App.2d 791, 796 (1961).  "A valid and viable tender

6   of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a

7   deed of trust." Karlsen, 15 Cal.App.3d at 117.  Analyzing "trust deed nonjudicial foreclosure

8   sales issues in the context of common law contract principles" is "unhelpful" given "the

9   comprehensive statutory scheme regulating nonjudicial foreclosure sales." Residential Capital v.

10  Cal-Western Reconveyance Corp., 108 Cal.App.4th 807, 820-821 (2003).

11      "The rules which govern tenders are strict and are strictly applied." Nguyen v. Calhoun,

12  105 Cal.App.4th 428, 439 (2003).  "The tenderer must do and offer everything that is necessary

13  on his part to complete the transaction, and must fairly make known his purpose without

14  ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it

15  is made to complete the transaction." Gaffney v. Downey Savings & Loan Assn., 200

16  Cal.App.3d 1154, 1165 (1988).  The debtor bears "responsibility to make an unambiguous tender

17  of the entire amount due or else suffer the consequence that the tender is of no effect." Id.

18      Plaintiff's complaint does not reference her tender of indebtedness.  Though she states

19  that there is no "factual evidence" of default, this does not negate the need to allege tender.

20  Abdallah v. United Sav. Bank, 43 Cal.App.4th 1101, 1109 (1996).  Without Plaintiff's

21  meaningful tender, the remedies she seeks are unavailable.

22  E.      Original Note Possession

23      If a borrower defaults on a loan and the deed of trust contains a power of sale clause, the

24  lender may non-judicially foreclose. See McDonald v. Smoke Creek Live Stock Co., 209 Cal.

25  231, 236-237, 286 P. 693 (1930).  Under the relevant statutory framework, no party needs to

26  physically possess the promissory note. Labes v. Ocwen Loan Servicing, LLC, 2009 WL

27  3748291, *6 (E.D.Cal. Nov. 5, 2009); Sicairos v. NDEX West, LLC, 2009 WL 385855, *3

28  (S.D.Cal.2009) (citing Cal. Civ.Code, § 2924(a)(1)).  Rather, "[t]he foreclosure process is

1   commenced by the recording of a notice of default and election to sell by the trustee." Moeller v.

2   Lien, 25 Cal.App.4th 822, 830, 30 Cal.Rptr.2d 777 (1994).  An "allegation that the trustee did

3   not have the original note or had not received it is insufficient to render the foreclosure

4   proceeding invalid." Neal v. Juarez, 2007 WL 2140640, *8 (S.D.Cal.2007).

5         Therefore, to the extent Plaintiff alleges that Defendants foreclosed on her property

6   without first producing the Promissory Note or Deed of Trust, she cannot state a claim for which

7   relief may be granted.

8   F.       Amendment

9         Based on the above, Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND.

10   In amending her complaint, Plaintiff is informed that the Court cannot refer to a prior pleading in

11   order to make her amended complaint complete.  Local Rule 220 requires that an amended

12   complaint be complete in itself without reference to any prior pleading.  This is because, as a

13   general rule, an amended complaint supercedes the original complaint.  See Loux v. Rhay, 375

14   F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no

15   longer serves any function in the case.

16         Plaintiff may file an amended complaint within thirty (30) days of the date of service of

17   this order.  Plaintiff's complaint should be clearly titled, "First Amended Complaint," and shall

18   refer to the case number assigned to this action.  **It must contain a short and plain statement of**

19   **her claims and must clearly set forth the causes of action alleged against each Defendant**.  If

20   Plaintiff does not file an amended complaint within this time frame and in accordance with this

21   order, the Court will recommend that this action be dismissed.

22

23       IT IS SO ORDERED.

24     **Dated:   April 11, 2011**             **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE

25

26

27

28