# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA OF GEORGNER, | ) 1:11cv0562 OWW DLB |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION<br>) REGARDING DISMISSAL OF ACTION |
| v. | ) |
| BRIAN T. MOYHIHAN, et al., | ) |
| Defendants. | ) |

Plaintiff "Anna of Georgner, Freehold estate, Licensor," ("Plaintiff"), appearing pro se, filed the instant action on April 5, 2011. Pursuant to the Court's order, Plaintiff filed a First Amended Complaint ("FAC") on May 13, 2011. Plaintiff paid the filing fee and is therefore not proceeding in forma pauperis.

The FAC names the following Defendants: (1) "Brian T. Moyhihan and/or successors d/b/a CEO of Bank of America, N.A.," (2) "Sam Palmisano, successor CEO of IBM Short Sales & LBPS an *ens legis* to conceal fraud as a foreclosure mill;" (3) "James F. Taylor and/or successor(s), d/b/a Pres/CFO, Reconstruct Co., an *ens legis* to conceal fraud;" (4) "Kevin R. McCarthy, Pres/CFO Quality Loan Service;" (5) "Fannie Mae CFO David Hisey and/or successors;" (6) Peter Michno in esse, and S&P Associates, an *ens legis*;" and (7) "Mark Chu in esse d/b/a ActiveRain Corp., Big Realty et al., which are fictions used to conceal fraud."

# DISCUSSION

A.  Screening Standard

A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) where the claimant cannot possibly win relief. Omar v.Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987); Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981). A claim is legally frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Wiliams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Nietzke, 490 U.S. at 327.

In addressing dismissal, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.  Plaintiff's Allegations

Despite the Court's prior instruction to provide a short and plain statement of her claims, Plaintiff continues to use archaic legal terms and write in a manner that makes it difficult to discern her facts and contentions. She also continues to reference irrelevant statutes and case law.

It appears that Plaintiff acquired two parcels of property in Fresno, California, on August 15, 2005, "in currency exchanges." FAC, at 3.

She contends that the parcels were "unlawfully transferred or conveyed by Defendants, and then sold or re-sold by Defendants through fraudulent non-judicial foreclosure procedures purporting to be alleged Trustees' Sales." Plaintiff alleges that the properties were sold despite Defendants' knowledge of court proceedings and "Notices to Cancel Default and cancel Trustees' Sales." She also argues that Defendants have failed to perfect the foreclosure by refusing to return the Genuine Original Promissory Note and Deeds of Trust. FAC, at 3.

Plaintiff further contends that Defendants did not have the right to sell the properties because they did not established their position "as the 'source or the loan' or as the True Creditor under the Mobius Nemsis Doctrine" and have not "adequately survived the 'Decker Test.'" FAC, at 4. Plaintiff alleges that she is "in fact the intended TRUE Title Holder of the real properties in question." FAC, at 4.

Plaintiff states that there "is no factual evidence" that she defaulted on the loan.

As to the individual Defendants, Plaintiff alleges the following: (1) Bank of America CEO Brian T. Moynihan refused to timely respond to her inquiries in October 2010, (2) Sam Palmisano of LBPS falsified public documents, entered a Notice of Default without due process or probable cause, and transferred the properties without due process, (3) James F. Taylor, through Recontrust Co., quickly re-sold or transferred one property to Fannie Mae, (4) Kevin R. McCarthy, through Quality Loan Services Corp., quickly re-sold or transferred one property to Fannie Mae despite knowledge of a prior lawsuit, (5) David Hisey, through Fannie Mae, split the properties to be re-sold by two different organizations; (6) Peter Michino of S&P Associates notified Fannie Mae of this action on April 6, 2011, (7) R.K. Arnold[1] of Mortgage Electronic Registration Systems, Inc., concealed fraud and (8) Mark Chu, through his fictitious companies, willfully harassed lawful tenants.

Plaintiff alleges that the Defendants have conspired in operating a foreclosure mill and falsifying public notary documents and records. She also references several sections of the Uniform Commercial Code States, the Racketeer Influenced and Corrupt Organizations Act and the Civil Rights Act.

Plaintiff alleges claims for declaratory relief and requests that the Court stay foreclosure proceedings until the true creditor can be established.

C.   Failure to Satisfy Federal Rule of Civil Procedure 8

Plaintiff's complaint again fails to satisfy Federal Rule of Civil Procedure 8, which requires a plaintiff to "plead a short and plain statement of the elements of his or her claim,

---

[1] R.K. Arnold is not named as a Defendant in the caption of the FAC.

3

identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000).

Rule 8(d)(1) requires each allegation to be "simple, concise, and direct." This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." Id. at 1180. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." Id. at 1179.

Moreover, a pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." Yamaguchi v. United States Dep't of Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. Id. at 649. A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)). The United States Supreme Court has explained:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

Twombly, 550 U.S. at 556, n. 3.

Plaintiff's complaint again lacks specific, clearly defined allegations and fails to give Defendants fair notice of the claims against them. The few facts contained in the FAC are buried

1  in pages of sometimes unintelligible writing and it is therefore difficult to extract relevant facts
2  and legal arguments.
3      Other than the facts set forth above, Plaintiff provides no further factual information.  She
4  alleges only conclusory allegations against each individual Defendant.  Plaintiff also fails to
5  provide sufficient facts about the events leading up to the foreclosure, including the basis upon
6  which the property was foreclosed.
7      The FAC therefore fails to satisfy Rule 8.
8  D.    Jurisdiction
9      Plaintiff attempts to invoke this Court's diversity and federal question jurisdiction.
10     Federal courts are courts of limited jurisdiction.  Congress has conferred subject matter
11 jurisdiction on this Court for cases involving a federal question and for cases between citizens of
12 different states.
13     Diversity jurisdiction requires that the parties be citizens of different states and the
14 amount in controversy exceed $75,000.  28 U.S.C. § 1332.  A corporation is deemed to be a
15 citizen of its state of incorporation and the state where it has its principal place of business.  28
16 U.S.C. § 1332(c)(1).  "The essential elements of diversity jurisdiction, including the diverse
17 residence of all parties, must be affirmatively alleged in the pleadings."  Bautista v. Pan Am.
18 World Airlines, Inc., 828 F.2d 546, 552 (9th Cir.1987).  Plaintiff is a citizen of California and
19 she concedes that "some of the Defendants are California state and/or Fresno County residents."
20 FAC, at 2-3.  Complete diversity therefore does not exist and Plaintiff cannot bring this action
21 pursuant to the Court's diversity jurisdiction.
22     Insofar as Plaintiff purports to invoke this Court's federal question jurisdiction, the FAC
23 does not sufficiently allege a claim under any law of the United States or any constitutional
24 provision.  Though Plaintiff may reference federal laws, she provides no facts to properly allege
25 violations of federal laws.  28 U.S.C. § 1331.
26 E.    Failure to Tender Indebtedness
27     Plaintiff's complaint fails to allege that she tendered the amount of the debt owed.
28

"A tender is an offer of performance made with the intent to extinguish the obligation." Arnolds Mgmt. Corp. v. Eischen, 158 Cal.App.3d 575, 580 (1984) (citing Cal. Civ. Code, § 1485; Still v. Plaza Marina Commercial Corp., 21 Cal.App.3d 378, 385 (1971)). "A tender must be one of full performance . . . and must be unconditional to be valid." Id. "Nothing short of the full amount due the creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount." Rauer's Law etc. Co. v. S. Proctor Co., 40 Cal.App. 524, 525 (1919).

A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." Abdallah v. United Sav. Bank, 43 Cal.App.4th 1101, 1109 (1996). "A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitations has run against the indebtedness." Sipe v. McKenna, 88 Cal.App.2d 1001, 1006 (1948).

In FPCI RE-HAB 01 v. E & G Investments, Ltd., 207 Cal.App.3d 1018, 1021 (1989), the California Court of Appeal explained:

> . . . generally "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." . . . . This rule . . . is based upon the equitable maxim that a court of equity will not order a useless act performed. . . . "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." . . . The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs. (Citations omitted.)

An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes. Karlsen v. American Sav. & Loan Assn., 15 Cal.App.3d 112, 117 (1971). The basic rule is that an offer of performance is of no effect if the person making it is not able to perform. Id. at 118. Simply put, if the offeror "is without the money necessary to make the offer good and knows it" the tender is without legal force or effect. Id. at 118. "It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property." United States Cold Storage v. Great

Western Sav. & Loan Assn., 165 Cal.App.3d 1214, 1224 (1985). "A cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender." Arnolds Mgmt., 158 Cal.App.3d at 579.

"It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." Shimpones v. Stickney, 219 Cal. 637, 649 (1934); see Mix v. Sodd, 126 Cal.App.3d 386, 390 (1981) ("a mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable"); Aguilar v. Bocci, 39 Cal.App.3d 475, 477 (1974) (trustor is unable to quiet title "without discharging his debt").

Moreover, to obtain "rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction. . . . The rule applies although the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant." Fleming v. Kagan, 189 Cal.App.2d 791, 796 (1961). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." Karlsen, 15 Cal.App.3d at 117. Analyzing "trust deed nonjudicial foreclosure sales issues in the context of common law contract principles" is "unhelpful" given "the comprehensive statutory scheme regulating nonjudicial foreclosure sales." Residential Capital v. Cal-Western Reconveyance Corp., 108 Cal.App.4th 807, 820-821 (2003).

"The rules which govern tenders are strict and are strictly applied." Nguyen v. Calhoun, 105 Cal.App.4th 428, 439 (2003). "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." Gaffney v. Downey Savings & Loan Assn., 200 Cal.App.3d 1154, 1165 (1988). The debtor bears "responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." Id.

Plaintiff's complaint does not reference her tender of indebtedness or a meaningful ability to do so. Though she states that there is no "factual evidence" of default, this does not negate the

need to allege tender. Abdallah v. United Sav. Bank, 43 Cal.App.4th 1101, 1109 (1996).

Without Plaintiff's meaningful tender, the remedies she seeks are unavailable.

F.      Foreclosure Sale Presumption

Under California law, a lender may pursue non-judicial foreclosure upon default with a deed of trust with a power of sale clause. "Financing or refinancing of real property is generally accomplished in California through a deed of trust. The borrower (trustor) executes a promissory note and deed of trust, thereby transferring an interest in the property to the lender (beneficiary) as security for repayment of the loan." Bartold v. Glendale Federal Bank, 81 Cal.App.4th 816, 821 (2000). A deed of trust "entitles the lender to reach some asset of the debtor if the note is not paid." Alliance Mortgage Co. v. Rothwell, 10 Cal.4th 1226, 1235 (1995).

If a borrower defaults on a loan and the deed of trust contains a power of sale clause, the lender may non-judicially foreclose. See McDonald v. Smoke Creek Live Stock Co., 209 Cal. 231, 236-237, 286 P. 693 (1930). The California Court of Appeal has explained non-judicial foreclosure under the applicable California Civil Code sections:

> The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive. . . . It includes a myriad of rules relating to notice and right to cure. It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.

Moeller v. Lien, 25 Cal.App.4th 822, 834 (1994); see I.E. Assoc. v. Safeco Title Ins. Co., 39 Cal.3d 281, 285 (1985) ("These provisions cover every aspect of exercise of the power of sale contained in a deed of trust.").

Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. Under California Civil Code section 2924b(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." "Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale." Moeller, 25 Cal.App.4th at 830.

"A properly conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender." Moeller, 25 Cal.App.4th at 831. "As a general rule, a trustee's sale is complete upon acceptance of the final bid." Nguyen v. Calhoun, 105 Cal.App.4th 428, 440-441 (2003). "If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly; this presumption is conclusive as to a bona fide purchaser." Moeller, 25 Cal.App.4th at 831 (citations omitted). "A nonjudicial foreclosure sale is accompanied by a common law presumption that it 'was conducted regularly and fairly.'" Melendrez v. D & I Investment, Inc., 127 Cal.App.4th 1238, 1258, (2005). "This presumption may only be rebutted by substantial evidence of prejudicial procedural irregularity." Melendrez, 127 Cal.App.4th at 1258.

To challenge foreclosure, "it is necessary for the complaint to state a case within the code sections for which reason it is essential to allege the facts affecting the validity and invalidity of the instrument which is attacked." Kroeker v. Hurlbert, 38 Cal.App.2d 261, 266 (1940). A "trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where there has been an illegal, fraudulent or wilfully oppressive sale of property under a power of sale contained in a mortgage or deed of trust." Munger v. Moore, 11 Cal.App.3d 1, 7 (1970).

Here, Plaintiff fails to state facts sufficient to demonstrate a specific statutory irregularity or misconduct in the foreclosure proceedings. She alleges a variety of misdeeds, though her allegations are simply statements without supporting facts. These conclusory allegations are insufficient to overcome the presumption of the validity of the foreclosure sales.

G.     Original Note Possession

If a borrower defaults on a loan and the deed of trust contains a power of sale clause, the lender may non-judicially foreclose. See McDonald v. Smoke Creek Live Stock Co., 209 Cal. 231, 236-237, 286 P. 693 (1930). Under the relevant statutory framework, no party needs to physically possess the promissory note. Labes v. Ocwen Loan Servicing, LLC, 2009 WL 3748291, *6 (E.D.Cal. Nov. 5, 2009); Sicairos v. NDEX West, LLC, 2009 WL 385855, *3 (S.D.Cal.2009) (citing Cal. Civ.Code, § 2924(a)(1)). Rather, "[t]he foreclosure process is

1 commenced by the recording of a notice of default and election to sell by the trustee." Moeller v.
2 Lien, 25 Cal.App.4th 822, 830, 30 Cal.Rptr.2d 777 (1994). An "allegation that the trustee did
3 not have the original note or had not received it is insufficient to render the foreclosure
4 proceeding invalid." Neal v. Juarez, 2007 WL 2140640, *8 (S.D.Cal.2007).

5      Therefore, to the extent Plaintiff alleges that Defendants foreclosed on her property
6 without first producing the Promissory Note or Deed of Trust, she cannot state a claim for which
7 relief may be granted.

## RECOMMENDATION

9      Plaintiff has been given an opportunity to amend but has failed to submit a FAC
10 sufficient to cure the deficiencies. The Court therefore recommends that the action be
11 DISMISSED WITHOUT LEAVE TO AMEND.

12      These findings and recommendations will be submitted to the Honorable Oliver W.
13 Wanger, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after
14 being served with these Findings and Recommendations, Plaintiff may file written objections
15 with the Court. The document should be captioned "Objections to Magistrate Judge's Findings
16 and Recommendations." Plaintiff is advised that failure to file objections within the specified
17 time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153
18 (9th Cir. 1991).

20     IT IS SO ORDERED.

21     Dated: **May 24, 2011**         **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE